**DUDLEY ENTERPRISES, INC., an Illinois corporation, and Elizabeth M. Simon, Plaintiffs,**

v.

**PALMER CORPORATION, a New Jersey corporation, Palmer Video Corporation, a New Jersey corporation, Peter Balner, Peter Margaritondo, aka Peter Margo, Paul M. Grassi, Susan Baar, Stan Simms, and Gert Elster, Defendants.**

No. 92 C 2300.

United States District Court, N.D. Illinois, E.D.

Aug. 24, 1993.

Adam Bourgeois, Sr., Law Office of Adam Bourgeois, Chicago, IL, for plaintiffs.

Kathy Pinkstaff Fox, Robert Leonard Shuftan, Wildman, Harrold, Allen & Dixon, Chicago, IL, for defendants.

## MEMORANDUM AND ORDER

MORAN, Chief Judge.

Plaintiffs Dudley Enterprises, Inc. (Dudley) and Elizabeth Simon bring this action under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq.*, against defendants Peter Balner (Balner), Peter Margaritondo, aka Peter Margo (Margo), Paul Grassi (Grassi), Susan Baar (Baar), Stan Simms (Simms), and Gert Elster (Elster), alleging that defendants sold plaintiffs a franchise program as part of a scheme to defraud (counts I and II). In addition, plaintiffs allege that defendants Palmer Corporation (Palmer), Palmer Video Corporation (PVC) and the above-mentioned defendants committed the following state law violations: (1) violation of the Illinois Franchise Disclosure Act of 1987 (the Act) (count III); (2) intentional infliction of emotional distress (count IV); and (3) fraud (count V). Before us is defendants' motion to dismiss plaintiffs' complaint. Federal subject matter jurisdiction is based on 28 U.S.C. § 1331 and 28 U.S.C. § 1332—the parties being of diverse citizenship and the controversy exceeding $50,000. For the reasons stated below, defendants' motion is granted in part and denied in part.

## FACTS

We include here only a brief recitation of the facts since in this court's February 3, 1993 memorandum and order the facts were stated in detail.

PVC is a franchisor that grants franchisees the right to operate stores under the name "Palmer Video Stores." Some or all of the shares of stock of PVC are owned by Palmer Corporation. The other named defendants are current or former employees of PVC and/or Palmer, who were in some way involved in the PVC franchise operation.

In 1988, plaintiffs decided to open a retail video store and contacted PVC in order to obtain additional information about its franchise operations. Over approximately a four-month period plaintiffs had several conversations with PVC employees and received several documents from PVC explaining and promoting the PVC franchise operation. On December 20, 1988, Simon entered into an agreement whereby she (and subsequently Dudley) became a PVC franchisee.[1] Simon opened her video store in Niles, Illinois.

Plaintiffs refer to numerous conversations with and correspondence sent by defendants that, according to plaintiffs, constituted misrepresentations regarding PVC's expertise in operating a national franchise, and programs and other benefits available to a PVC franchisee. According to defendants, plaintiffs refused to pay the royalties and/or fees that were due the franchisor in accordance with the franchise agreement. PVC terminated plaintiffs' franchise agreement in August 1991. Plaintiffs continue to operate the video store

## DISCUSSION

Defendants move this court for dismissal of plaintiffs' amended complaint and for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Defendants maintain that the RICO and fraud claims (counts I, II, and V) should be dismissed because plaintiffs have failed to plead their fraud allegations with particularity, as required by Fed.

---

1. Dudley was apparently formed by Simon for the purpose of operating the Palmer Video franchise. Simon is the principal stockholder and the chief executive officer of Dudley.

R.Civ.P. 9(b). In addition, defendants maintain that the RICO claims should be dismissed because (1) plaintiffs have failed to establish the "enterprise" element of RICO; (2) plaintiffs' allegations as to the predicate RICO offenses are insufficient under § 1962(c) and (d); and (3) plaintiffs have failed to allege a "pattern" of racketeering activity. Defendants contend that count III, violation of the Illinois Franchise Disclosure Act, must be dismissed because there is no private statutory cause of action for improper termination of a franchise. As to count IV, defendants maintain that plaintiffs failed to state a claim upon which relief can be granted because no outrageous acts or intent to harm are alleged.

## I. Motion to Dismiss Pursuant to Fed. R.Civ.P. 9(b)

On February 3, 1993, this court dismissed plaintiff's complaint in its entirety, without prejudice, holding that plaintiffs had not complied with Rule 8 or Rule 9 of the Federal Rules of Civil Procedure (with respect to plaintiffs' fraud claims). *Dudley Enterprises, Inc. et al. v. Palmer Corporation et al.*, 822 F.Supp. 496 (N.D.Ill.1993). This court afforded plaintiffs the opportunity to amend their complaint, and they have. Defendants now move to dismiss counts I, II and V of plaintiffs' amended complaint pursuant to Rule 9(b).

■ Plaintiffs are not required to plead a wealth of evidentiary material, but must describe the outline of the fraudulent scheme and facts identifying the who, what, when and where of the fraud. This court has examined the amended complaint and finds that plaintiffs have pled sufficient detail necessary to put defendant on notice of the alleged fraud and have met Rule 9(b)'s pleading requirements. Defendants point to numerous examples in the amended complaint that they consider to be lacking in specificity. We agree that certain areas of the amended complaint lack exact details; however, that alone does not overcome the fact that plaintiffs have pled fraud with particularity and have satisfied Rule 9(b). Defendants' motion to dismiss pursuant to Rule 9(b) is therefore denied.

## II. Rico Claims

### A. Preliminary matter

A preliminary matter concerns the interpretation of this court's February 3, 1993 memorandum and order discussing plaintiffs' RICO claims against five of the defendants. In our earlier decision we dismissed the original complaint in its entirety because it did not comply with Rules 8 and 9 and gave plaintiffs leave to amend their complaint. Because we realized that plaintiffs were likely to file an amended complaint this court discussed plaintiffs' RICO claims, thereby providing a preliminary assessment of those claims in light of defendants' arguments in their motion then before us. The object of that discussion was to encourage plaintiffs to scrutinize their complaint and to either drop insufficient claims (or parties), or incorporate and organize the necessary facts in their amended complaint. Our purpose was to enhance judicial economy, and by discussing the RICO requirements as they applied to plaintiffs' complaint we hoped to avoid a replay of those same issues and arguments at a later date.

In our earlier order we stated that the RICO claims were dismissed against defendants Margo, Arrington, Winick, Dossick, Baar, Romano, Grassi, Passucci, Elster and Simms because plaintiffs failed to establish that each committed two predicate acts of racketeering. However, we did not intend for that passage to supersede our earlier statements that allowed plaintiffs to amend their complaint, if they so desired, in order to include more particular information about the alleged predicate acts of the individual defendants. In fact, plaintiffs appear to have taken heed to that warning in that their amended complaint excludes five of those defendants and outlines more clearly what acts were allegedly performed by each individual defendant. The RICO claims against those five individuals remain part of plaintiffs' amended complaint.

### B. Establishing Elements of a RICO Claim

■ Both subsections of § 1962 have in common three fundamental elements. For

each subsection there must be a "person", an "enterprise" and a "pattern of racketeering activity", and such elements must be pled separately in the complaint. *R.E. Davis Chemical Corporation v. Nalco Chemical Co.*, 757 F.Supp. 1499, 1507 (N.D.Ill.1990). Defendants maintain that plaintiffs' amended complaint should be dismissed because they have not established each of those elements.

### 1. The Enterprise and the Person

■ Defendants argue that plaintiffs' RICO claims are flawed because they fail to allege that "defendants each agreed to participate in what each knew to be a collective criminal venture." (Def. brf. at 15). We disagree. In their amended complaint plaintiffs have properly pled that "persons" (the six named defendants) conducted or participated in the conduct of the "enterprise's" affairs and conspired to do so through a pattern of racketeering activity. The complaint names the individuals and specific predicate acts allegedly performed by those individuals in furtherance of the scheme to obtain financial gain. Such allegations sufficiently portray an alleged conspiracy to commit criminal acts and establish the "enterprise" element of RICO.

### 2. Each Defendant Must Commit at Least Two Predicate Acts

■ In order to adequately state a § 1962(c) or (d) RICO claim, plaintiffs must allege that defendants engaged in a pattern of racketeering activity. This requires plaintiffs to establish that each individual defendant committed at least two predicate acts. *R.E. Davis*, 757 F.Supp. at 1509. Plaintiffs rely on predicate offenses of mail fraud (§ 1341), wire fraud (§ 1343), and travel or transportation in interstate commerce, in aid of racketeering (§ 1952).

Defendants argue that plaintiffs have not alleged two acts by any defendant that would constitute violations of either the mail fraud or wire fraud statutes. This court has reviewed pages 10–13 of plaintiffs' amended complaint and finds that at least two predicate acts have been alleged against defendants Balner, Baar, Simms, Grassi and Elster. Plaintiffs have failed to allege that

defendant Margo committed two predicate acts of racketeering and the RICO claim against him is dismissed.

### 3. A Pattern of Racketeering Must Be Alleged

■ In order to establish a pattern of racketeering, plaintiffs must allege that the predicate acts are related *and* amount to or pose a threat of continuing criminal activity. *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1988). The parties agree that the amended complaint satisfies the relationship test of the pattern requirement.

■ Defendants argue that the complaint does not pass the continuity prong of the pattern requirement. As stated in our February 3, 1993 order, continuity exists where either there has been repeated conduct over a closed period of time, or where the racketeering activity by its nature projects into the future with a threat of repetition. *H.J. Inc.*, 492 U.S. at 241, 109 S.Ct. at 2901. The Seventh Circuit has considered four factors when examining the pattern requirement: (1) the number and variety of acts and length of time over which they are committed; (2) the number of victims; (3) the presence of separate schemes; and (4) the occurrence of distinct injuries. *Triad Associates, Inc. v. Chicago Housing Authority*, 892 F.2d 583, 594 (7th Cir.1989), *cert. denied*, 498 U.S. 845, 111 S.Ct. 129, 112 L.Ed.2d 97 (1990). We consider each of those factors when determining whether plaintiffs have sufficiently met their burden to survive a motion to dismiss.

■ With respect to the first factor plaintiffs allege numerous fraudulent mailings and telephone conversations which took place over several years. Although the Seventh Circuit has noted that mail and wire fraud are "unique among predicate acts" and may be "no indication of the requisite continuity of the underlying fraudulent activity," *U.S. Textiles, Inc. v. Anheuser—Busch Companies, Inc.*, 911 F.2d 1261, 1268 (1990), the Seventh Circuit has not held that mail and wire fraud can never form the basis of a RICO claim. In fact, as pointed out by defendants, many of the mail and wire fraud

cases have involved multiple, identical mailings. *See e.g. U.S. Textiles*, 911 F.2d at 1268; *Midwest Grinding Co., Inc. v. Spitz*, 769 F.Supp. 1457, 1466 (N.D.Ill.1991) (stating that most of the mailings had little if any variety since they involved invoices that requested payment). In this case there is somewhat more variety in the type of mail and wire fraud. Although mail or wire fraud does not provide a strong basis for a RICO pattern, a pattern is not ruled out simply because mail or wire fraud is involved. Another factor to consider is whether the alleged scheme is closed-ended or continuing in nature. We pointed out in our earlier order that defendants' alleged scheme to defraud had a definite conclusion since the franchisor-franchisee relationship was terminated in August 1991. However, in their amended complaint plaintiffs allege that there are other individuals or entities that were (and are) victims of the scheme, thereby supporting plaintiffs' position that the fraud is continuing.

The second factor concerns the number of victims. Plaintiffs allege that there are "at least five individuals or entities, other than plaintiffs, during the period starting in 1988 and continuing to the date of this complaint that were also victims of the scheme." (Am. cplt. at 4).

The third factor relates to the number of schemes that defendants allegedly engaged in. Defendants argue (and it was this court's position in our earlier order) that plaintiffs have alleged only one scheme—that plaintiffs' were fraudulently induced into becoming and remaining a Palmer Video franchise. Plaintiffs, however, maintain that the amended complaint alleges separate schemes since it is alleged that defendants executed a scheme against plaintiffs and separately against other franchisees.

Finally, we must consider the occurrence of distinct injuries. Plaintiffs argue that there are separate economic injuries suffered by the corporation and independently by Simon. They also argue that there are distinct injuries suffered by the other franchisees who were victimized by defendants' alleged scheme. This court agrees that there are distinct injuries in that plaintiffs and other similarly situated franchisees allegedly incurred economic losses. However, this court has difficulty finding the occurrence of distinct injuries to plaintiffs themselves since the economic injury felt by plaintiffs stems from their entering into and remaining part of the franchise operation.

■ This court must consider each of the four factors when determining if plaintiffs have established a pattern. No one factor is determinative. Rather, we must consider the facts and circumstances of this case while remembering what the RICO statute is intended to remedy. Again, we note that plaintiffs' claims may more appropriately be addressed through common law claims such as a contract claim or business fraud. Nevertheless, while plaintiffs' case is borderline, this court holds that a pattern has sufficiently been alleged to survive a motion to dismiss.

## III. *Common Law Claims*

### A. *Illinois Franchise Disclosure Act*

■ Defendants argue that the plain language of the Act restricts private causes of action to those violations related to the offer or sale of a franchise, and therefore argue that plaintiffs cannot maintain a private cause of action under § 1719 of the Act. In our February 3, 1993 order we held that plaintiffs are permitted to bring a cause of action under § 1719 of the Act. *Dudley Enterprises*, 822 F.Supp. at 504–505; *see also Original Great American Chocolate Chip Cookie Company, Inc. v. River Valley Cookies, Limited*, 970 F.2d 273, 279 (7th Cir.1992).

Furthermore, the Act was amended in 1992 to read:

"Any person who offers, sells, *terminates, or fails to renew a franchise* in violation of this Act shall be liable to the franchisee who may sue for damages caused thereby. *This amendatory Act of 1992 is intended to clarify the existence of a private right of action under existing law with respect to the termination or nonrenewal of a franchise in violation of this Act ...*"

815 ILCS 705/26 (emphasis added to denote amended language). The unamended version of the Act applies in this case since the events which form the basis of plaintiffs' complaint occurred prior to the 1992 amendments. However, that is not particularly relevant since we previously held that a private cause of action existed under the *unamended* version of the Act and, more importantly, because the amended language did not change the Act but, as expressly stated, was a clarification of existing law. Plaintiffs have sufficiently alleged a claim under § 1719 of the Act, necessary to survive defendants' motion to dismiss.

## B. *Intentional Infliction of Emotional Distress*

 Defendants argue that count IV of plaintiffs' amended complaint, alleging intentional infliction of emotional distress, should be dismissed for failure to state a claim. Defendants maintain that in order to state a cause of action for intentional infliction of emotional distress the plaintiff must allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Public Finance Corp. v. Davis*, 66 Ill.2d 85, 4 Ill.Dec. 652, 654, 360 N.E.2d 765, 767 (1976) (citation omitted). This court has reviewed plaintiffs' allegations against the individual defendants and does not consider the conduct alleged to be so outrageous to establish a claim for intentional infliction of emotional distress.[2] Plaintiffs point out that courts have held that outrageous acts can arise out of an abuse of a position or relationship between the parties; however, the cases to which plaintiffs refer concern *much* more extreme conduct than that which occurred in this case. *Littlefield v. McGuffey*, 954 F.2d 1337, 1341 (7th Cir. 1992); *McGrath v. Fahey*, 126 Ill.2d 78, 127 Ill.Dec. 724, 730, 533 N.E.2d 806, 812 (1988); *Public Finance Corp*, 4 Ill.Dec. at 655, 360 N.E.2d at 768. Count IV of plaintiffs' amended complaint is dismissed.

---

**2.** For the most part, plaintiffs allege that defendants sent correspondence and had conversations with plaintiffs that were fraudulent in that they relayed misleading and false information regarding the franchise operation. The allega-

*CONCLUSION*

Count IV of plaintiffs' amended complaint is dismissed in its entirety and counts I and II are dismissed against defendant Margo. Defendants' request for sanctions pursuant to Fed.R.Civ.P. 11 is denied.

tions are not such that would inflict severe emotional distress to a person of ordinary sensibilities. *Farnor v. Irmco Corporation*, 73 Ill.App.3d 851, 29 Ill.Dec. 894, 898, 392 N.E.2d 591, 595 (1979).